IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN GIBBS, | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| SOBIESKI SERVICES, INC., a Delaware Corporation, | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Shawn Gibbs is a resident of the State of Delaware residing at 22885 Hollyway East, Lewes, Delaware 19958.

2. Defendant Sobieski Services, Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII"), 42 U.S.C. §1981, and the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq.*, to redress the wrongs done to him by Defendant's discrimination against him on the basis of his race, perceived sexual orientation and by Defendant's retaliation against him.

1

4. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq* (Title VII), 42 U.S.C. §1981, and the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq*.

5. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

6. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

7. Plaintiff timely submitted a complaint of discrimination on the basis of his race, sex and retaliation to the Delaware Department of Labor and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

8. Plaintiff is African American.

9. Plaintiff is a male.

10. Plaintiff is heterosexual.

11. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the Delaware Department of Labor and the Equal Employment Opportunity Commission.

12. Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the Notice of Right to Sue from the Equal Employment Opportunity Commission.

13. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

14. Plaintiff was employed by Defendant as a field supervisor from on or about February 2, 2018, through on or about August 17, 2018, at which point he was terminated.

15. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all job duties of his job position.

16. Plaintiff complained to his direct supervisor, Mike Stumpf ("Stumpf"), who is Caucasian, on several occasions that Defendant's employees who were under Plaintiff's supervision, Enrique (last name unknown) who is Hispanic and Jim (last name unknown) who is Caucasian, would not respond to Plaintiff's numerous calls to them and would shirk their duties by, for example, fishing in ponds when they were supposed to be working.

17. Stumpf assured Plaintiff he would "take care of it" but failed to rectify the situation.

18. On or about August 9, 2018, Plaintiff spoke to a manager known only to him as "Buzzy" about the problems he was having with Jim and Enrique in that they were not doing the work Plaintiff asked them to do and both Plaintiff and other employees would have to complete Jim and Enrique's work.

19. Plaintiff also mentioned to Buzzy that Plaintiff felt like his job was in jeopardy if he did not meet completion schedules which were difficult to meet since Plaintiff had to do cleanouts and run supplies himself.

20. On or about August 12, 2018, Plaintiff left a notebook in the shop.

21. When Plaintiff returned to the shop, he noticed that someone had written the word "fag" and drew a depiction of a "middle finger" in Plaintiff's notebook.

22. Plaintiff complained to Stumpf and Scezepanski about the incident and was told that the incident was being looked into.

23. Plaintiff advised Stumpf and Scezepanski that he suspected either Jim or Enrique wrote in and drew the "middle finger" depiction and the word "fag" in his notebook as they were both in the shop when Plaintiff returned to retrieve his notebook.

24. Stumpf and Scezepanski failed to take appropriate action after being informed of the incident.

25. On August 13, 2018, Plaintiff had a meeting with HR that included himself, General Manager Bob Scezepanski ("Scezepanski"), a Caucasian, Human Resources Manager Beth Barton ("Barton"), a Caucasian, and Stumpf.

26. The meeting was about Enrique and Jim not wanting to take orders from Plaintiff.

27. At this meeting, Scezepanski informed Plaintiff that he was doing a good job.

28. Plaintiff was instructed not to discuss the notebook incident or the issues involving Jim and Enrique's work ethic with other employees or with building site supervisors even though Plaintiff's direct supervisor, Stumpf witnessed Plaintiff doing the work assigned to other employees himself in order to meet schedule deadlines.

29. Plaintiff was hired to replace Defendant's former employee Mike Cluews ("Cluews") who was Caucasian.

30. Stumpf admitted to Plaintiff that Cluews had made mistakes but was set up for failure, and that Plaintiff was now in the same situation as Cluews had been.

31. Stumpf also informed Plaintiff that Cluews, a similarly situated employee, was assigned to work under another supervisor and was not terminated.

32. Matt Schrieher ("Schrieher"), a Caucasian, hired Plaintiff.

33. Schrieher, a similarly situated employee, was terminated because of substance abuse issues.

34. Schrieher's termination lasted approximately a week to two weeks at which time he was rehired by Defendant.

35. Schrieher was rehired to do blueprints.

36. Although both similarly situated Caucasian employees committed similar or worse offenses than the African-American Plaintiff, neither was permanently terminated.

37. Plaintiff met with Barton, the Human Resource Manager, on August 17, 2018, regarding the incident of the writing and drawing in his notebook and was informed that she had determined there was no wrongdoing on the part of any employee.

38. At the end of the meeting, Barton informed Plaintiff that he was being terminated for poor work performance even though the Monday before, August 13, 2018, Plaintiff was told by Scezepanski, the General Manager, that he was doing a great job and to keep up the good work.

39. Defendant claimed it was terminating Plaintiff for performance issues which included claims that Defendant received customer complaints by both Ryan Homes and NV Homes regarding his performance, weekly errors in manpower scheduling, repeated errors with materials being delivered to job sites, inability to

identify and report accurate job completion when walking job sites and inappropriate and unsupported communications to customers which cast Defendant in a poor light.

40. Defendant's aforementioned claims of customer complaints and poor work performance were either wrong or exaggerated.

41. Plaintiff had not previously been written up for customer complaints or poor work performance.

42. Plaintiff had never been verbally advised that Defendant was receiving complaints from customers or that there was any issue with his performance.

43. The reasons proffered by Defendant were pretextual and intended to mask the true reasons for Defendant's actions, i.e., discrimination against Plaintiff on the basis of his race, perceived sexual orientation, and in retaliation against Plaintiff for his complaints of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. (Title VII), 42 U.S.C. §1981, and the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq.*

44. The wrongful acts committed by Defendant and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I – TITLE VII

45. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 44 hereinabove.

46. By committing the aforementioned acts, including failing to adequately investigate Plaintiff's claims of race and sex discrimination after the aforementioned notebook incident, by terminating Plaintiff when similarly situated Caucasian employee's were not terminated or were terminated and quickly rehired, Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of his race and perceived sexual orientation in violation of 42 U.S.C. § 2000e *et seq.*

47. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of his race and perceived sexual orientation in violation of 42 U.S.C. § 2000e *et seq.*

48. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) back pay, including interest;

(b) reinstatement, if feasible, or in the alternative, front pay;

(c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) punitive damages;

    (e)    pre-judgment and post-judgment interest;

    (f)    attorney's fees; and

    (g)    any other relief that this Court deems just.

## COUNT II – 42 U.S.C. § 1981

49. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 48 hereinabove.

50. By committing the aforementioned acts which would not have occurred but for Plaintiff's race, Defendant has violated 42 U.S.C. §1981.

51. By committing the aforementioned acts, including Plaintiff's subsequent termination, a termination that would not have occurred but for Plaintiff's race, Defendant has retaliated against Plaintiff on the basis of his race.

52. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    (a)    back pay, including interest;

    (b)    reinstatement, if feasible, or in the alternative, front pay;

(c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) punitive damages;

(e) pre-judgment and post-judgment interest;

(f) attorney's fees; and

(g) any other relief that this Court deems just.

## COUNT III – DELAWARE DISCRIMINATION IN EMPLOYMENT

53. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 52 hereinabove.

54. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of his race and perceived sexual orientation in violation of the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq.*

55. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of his race and perceived sexual orientation in violation of the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710 *et seq.*

56. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Reinstatement, or, in the alternative, front pay

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees; and

(g) Any other relief that this Court deems just.

[signature block follows]

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
    WILLIAM D. FLETCHER, JR.
    Bar I.D. 362

By: _____
    GARY E. JUNGE by WDF
    Bar I.D. # 6169
    414 South State Street
    P.O. Box 497
    Dover, Delaware 19903-0497
    (302) 674-0140
    Attorneys for Plaintiff

Dated: April 1, 2022